**Hector Estuardo ZAVALA ARCHILA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–70850.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs Dec. 9, 2004.\*\*

Decided June 13, 2005.

Alexander N. Lopez, Esq., Law Office of Alexander N. Lopez, John C. Lemacks, II, Law Offices of Alexander Nassif Lopez, Gina C. Lo, Glendale, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Terri J. Scadron, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, HALL, and WARDLAW, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suit-

MEMORANDUM ***

Hector Estuardo Zavala Archila ("Zavala") is a native and citizen of Guatemala. Zavala appeals the Board of Immigration Appeals' ("BIA") denial of his application for suspension of deportation. While we lack jurisdiction over the BIA's discretionary determinations, we have jurisdiction over Zavala's due process challenge to the BIA's failure to fully and properly consider the evidence supporting a finding of extreme hardship. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir.2001) (recognizing that the IIRIRA strips the court of jurisdiction over the Attorney General's discretionary "extreme hardship" determination, but retaining jurisdiction over constitutional due process claims).[1] We grant the petition and remand to the BIA for reopening of Zavala's suspension proceedings.

On February 16, 1999, the Immigration Judge ("IJ") determined that Zavala did not face extreme hardship to himself or his United States citizen daughter if he were returned to Guatemala and therefore did not qualify for suspension of deportation. *See* 8 U.S.C. § 1254(a)(1) (1995). Zavala filed a notice of appeal on March 5, 1999. He supplemented his appeal in April and July of 2002 with new information, including declarations from Zavala and his wife explaining the hardships they and their United States citizen daughters would encounter in Guatemala, a marriage license,

birth certificates for his daughters and himself, his wife's driver's license, an updated Country Report on Human Rights Practices in Guatemala, as well as evidence of home and car ownership, six years of church involvement, and superior job performance in the United States. The BIA refused to consider the new evidence, except for the birth of Zavala's second child, and denied Zavala relief on January 30, 2003.

We review due process challenges to immigration decisions de novo. *Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 869 (9th Cir.2003) (en banc). The BIA erred in refusing to consider the new evidence Zavala provided regarding his life and family that had developed over the four years that it took the BIA to decide Zavala's appeal. *See id.* at 872 ("[W]hen [the BIA] is charged with the determination of facts as they exist at the time the case is finally decided, it may not categorically refuse to consider any tendered supplemental evidence at all.").[2] The supplemental evidence Zavala provided was substantial and "potentially affected the outcome of the proceedings;" thus Zavala has demonstrated that he was prejudiced by the BIA's rejection of the supplemental evidence. *Id.* at 875.

The BIA did not err in not allowing Zavala to respond to the IJ's decision that there was a lack of corroborating evidence of his daughter's existence because the IJ

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We lack jurisdiction, however, over Zavala's claim that the IJ applied the wrong standard for suspension of deportation because the claim was never presented to the BIA and, therefore, was unexhausted. In any event, the claim is without merit because, although the

IJ did misstate the suspension of deportation standard once, he stated the proper standard several times, corrected his misstatement after completing his oral decision, and used the proper standard in his final analysis.

2. Because Zavala filed his appeal to the BIA before September 25, 2002, like the petitioner in *Ramirez–Alejandre*, his appeal is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act.

explicitly ruled in the alternative, concluding that Zavala's deportation would not result in extreme hardship to his daughter.

The petition is GRANTED and the case is REMANDED to the BIA for reopening of Zavala's suspension proceedings.